SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

Attorneys for Plaintiff
BACKWEB TECHNOLOGIES, LTD.

*Additional Attorneys Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

BACKWEB TECHNOLOGIES, LTD.,

Plaintiff,

v.

MICROSOFT CORPORATION AND SYMANTEC CORPORATION,

Defendants.

Case No. cv 09-1224 cw

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or

items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS.

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) and shall include any document, portions of documents, information or other things furnished by any party, including third-parties, answers to interrogatories, responses to requests to produce documents or other things, responses to request for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations, designations and portions thereof, and technical or commercial information derived therefrom deemed by any party to be its confidential information such as confidential research, development, proprietary, business or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons.

2.4 "Highly Confidential – Attorneys' Eyes Only" Information or Items: any document, portions of documents, information or other things furnished by any party, including third-parties, answers to interrogatories, responses to requests to produce documents or other things, response to request for admissions, depositions, transcripts of depositions, all copies, extracts, summaries, compilations, designations and portions thereof, and technical or commercial information derived therefrom; which may constitute extremely confidential, proprietary or

sensitive information and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause substantial economic harm or signficant competitive disadvantage to the Producing Party. Examples of the type of information, if non-public, that may be designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" include: (1) the names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors; (2) information relating to pending patent applications; (3) financial information of a party, including but not limited to identifying the number of products sold, total dollar value of sales products, and profit margins for products; (4) non-public financial information; (5) licensing information; (6) software development plans, software flow diagrams, or internal presentations relating to software; (7) information constituting product specifications and/or regarding the technology used to make the accused products; (8) technical information and technical reports of a party, including schematic designs, manufacturing and engineering drawings, engineering notebooks, internal technical communications, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of relevant technology; (8) business and/or marketing plans or analyses of a party; (9) price lists and/or pricing information, (10) customer lists, and (11) trade secrets.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.8 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 House Counsel: attorneys who are employees of a Party.

2.11 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 Patents-In-Suit: U.S. Patent Nos. 5,913,040; 6,317,789; 6,539,429; 6,374,289; 6,493,758, and subsequently sued upon patents, if any.

3. SCOPE.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL.

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

standards.  A Designating Party must take care to designate for protection only those materials, documents, items, or oral or written communications that qualify so that other material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designations in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may designate on the record (before the deposition or proceeding is concluded) the entire transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Additionally, if not so designated at the deposition, each party shall have until fourteen (14) calendar days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcript to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The right to make such designation shall be waived unless made within the fourteen (14) day period unless the parties specifically agree otherwise. Prior to such designation, or expiration of the fourteen (14) day period, the entire deposition transcript shall be deemed as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. Transcripts of testimony, or portions thereof, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be filed only under seal, until further order of the Court.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant

has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL.

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) no more than five (5) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation provided such person has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A)

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document, the original source of the information, or an employee of the Producing Party who would have access to information of that level of confidentiality during the normal course of his or her duties.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) no more than three (3) House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and;

(f) the author of the document or the original source of the information, or an employee of the Producing Party who would have access to information of that level of confidentiality during the normal course of his or her duties.

7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts".

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the

Expert may file a motion as provided in Civil Local Rule 7 (and in accordance with Civil Local Rule 79-5 applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5 Prosecution Bar. Notwithstanding any other provision of this Order, absent the written consent of the Producing Party, any individual that accesses Protected Material (unless such access is strictly limited to financial documentation) shall not directly or indirectly be involved in the prosecution of patent applications materially relating to the subject matter of the Patents-In-Suit or covering the subject matter of any such Protected Material produced by a different party, including without limitation the drafting or amending of patent claims (or supervision thereof), relating to the subject matter of the Patents-In-Suit or any such Protected Material produced by a different party, before any foreign or domestic agency, including the United States Patent and Trademark Office. This prohibition on patent prosecution shall begin when the affected individual first accesses Protected Material and shall end six months after the final resolution of this action, including all appeals. Absent the written consent of the Producing Party, any individual that accesses Protected Material (unless such access is strictly limited to financial documentation) shall not directly or indirectly be involved in any reexamination or reissue proceeding involving the Patents-In-Suit, before any foreign or domestic agency, including the United States Patent and Trademark Office. Consent under this provision shall not unreasonably be withheld.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. PRIVILEGE/WORK PRODUCT.

Privileged communications and work product of any attorney or party client herein with respect to this Litigation that are dated on or after the date of filing of the original Complaint need not be identified on any privilege log. Any party that inadvertently produces privileged materials may obtain the return of those materials by promptly notifying the recipient(s) of the privilege upon learning of the inadvertent production and providing a privilege log for any such materials that are dated prior to the filing of the original Complaint. Upon receiving written notice (or oral notice, if notice is provided at a deposition or Court proceeding, with written notice to follow as

soon as practicable thereafter) from the producing party that privileged information or work-product material has been inadvertently produced, the recipient(s) shall gather and return all copies of the privileged material to the Producing Party, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the Producing Party, and the recipient shall not use such information for any purpose until further Order of the Court. The inadvertent production of Discovery Material subject to the attorney-client privilege, the attorney work-product immunity, or other recognized privilege or protection, will not waive the privilege or protection.

13. DISCOVERY FROM EXPERTS AND CONSULTANTS. The parties agree that no drafts of expert reports or communications with counsel relating solely to those drafts will be subject to discovery. No other conversations or communications between counsel and any testifying expert or between counsel and any consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case. In all other respects, the parties and their experts shall fully comply with the disclosure requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

14. MISCELLANEOUS.

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED.

Dated: October 7, 2009

*/s/ Bruce Wecker*

SPENCER HOSIE (SBN 101777)
shosie@hosielaw.com
BRUCE WECKER (SBN 078530)
bwecker@ hosielaw.com
GEORGE F. BISHOP (SBN 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
Telephone: 415-247-6000
Facsimile: 415-247-6001

Attorneys for Plaintiff
BACKWEB TECHNOLOGIES, LTD.

*/S/Eric Wesenberg*

ERIC L. WESENBERG (SBN 139696)
ewesenberg@orrick.com
ULYSSES S. HUI (SBN 225521)
uhui@orrick.com
HAO (HELEN) LI (SBN 247420)
hli@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-614-7400
Facsimile: 650-614-7401

M. PATRICIA THAYER (SBN 90818)
PTHAYER@ORRICK.COM
ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING, 405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669
TELEPHONE: 415-773-5700
FACSIMILE: 415-773-5759

STEPHEN P. MCGRATH (SBN 202696)
STEVEMCG@MICROSOFT.COM
MICROSOFT CORPORATION
ONE MICROSOFT WAY
REDMOND, WA 98052-6399
TELEPHONE: 425-882-8080
FACSIMILE: 425-936-7329

ATTORNEYS FOR DEFENDANT
MICROSOFT CORPORATION

*/s/ Christopher Freeman*

Sean S. Pak (Bar No. 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &

HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875 6600
Facsimile: (415) 875 6700

David A. Nelson (Pro Hac Vice)
davenelson@quinnemanuel.com
Christopher Freeman (Pro Hac Vice)
chrisfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
250 S. Wacker Dr. Suite 230
Chicago, IL 60606
Telephone: (312) 463-2961
Facsimile: (312) 463-2962

Attorneys for Defendant
SYMANTEC CORPORATION

I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from the other signatories.

DATED: October 7, 2009

*/s/ Bruce Wecker*

______________________________

Bruce Wecker

**PURSUANT TO STIPULATION IT IS SO ORDERED.**

Dated: **10/14/09**

______________________________

Honorable Claudia Wilken
U.S. DISTRICT COURT JUDGE

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of ______________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ______________________________ **[insert formal name of the case and the number and initials assigned to it by the court].** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint__________________________ [print or type full name] of ______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ____________________________

City and State where sworn and signed:

Printed name: ____________________

[printed name]

Signature: ________________________

OHS West:260723989.1
10/7/09 10:07 AM