SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*BACKWEB TECHNOLOGIES, LTD.*

*Additional Attorneys Listed on Signature Page*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| BACKWEB TECHNOLOGIES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION and SYMANTEC CORPORATION, <br><br> Defendants. | Case No. CV 09-1224 CW <br><br> **STIPULATED AND SUPPLEMENTAL PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL SOURCE CODE** |

The parties hereby stipulate to and submit the following proposed Supplemental Protective Order governing disclosure and discovery of confidential source code ("Supplemental Order") as a supplement to the protective order previously stipulated to by the parties in this case and filed with the Court ("Protective Order").  The following provisions shall apply, in addition to the provisions of the Protective Order, to any discovery material that constitutes or includes confidential, proprietary and/or trade secret source code:

1.     As used herein, the term "source code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module.

2.     Discovery Material designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" that constitutes or includes confidential, proprietary and/or trade secret source code may be designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY – SOURCE CODE" and thereby made subject to the provisions of this Supplemental Order.

3.     All source code that is produced shall be made available for inspection in native, computer-searchable electronic format within three business days of receiving written (including email) notice from the Receiving Party.  The Producing Party need not produce source code on a computer such that it can be compiled into an executable program; however, the Parties have agreed to discuss the exchange of executable code.  Defendants will make their source code available for inspection at the San Francisco office of Orrick (or such other location as may be mutually agreed by the parties), and BackWeb will make its source code available for inspection at the San Francisco office of its outside counsel, Hosie Rice LLP (or such other location as may be mutually agreed by the parties).  All parties will make its source code available between the hours of 9:00 a.m. and 5:00 p.m. on weekdays

and on weekends by request if practicable.  The Receiving Party may inspect the electronic

copy of the source code as many times or days as reasonably necessary prior to the close of

fact discovery for preparation of its case.  A list of names of persons who may view the

source code will be provided to the Producing Party in conjunction with the written

(including email) notice requesting inspection.  The Receiving Party shall maintain a daily

log of the names of persons who enter the locked room to view the source code and when

they enter and depart.  The Producing Party shall be entitled to have a person observe all

entrances and exits from the source code viewing room, and to a copy of the log.  Inspection

by a Receiving Party may be subject to additional, reasonable security measures by the

Producing Party (e.g., the Producing Party may require presentation of photo identification

by representatives of the Producing Party prior to inspection).  The Producing Party shall

make available a laser printer with commercially reasonable printing speeds (*i.e.,* with a

minimum rating of 20 pages per minute) for on-site printing during inspection of the code.

The Receiving Party inspecting the Source Code may make a maximum of five thousand

(5000) pages of printouts on 8 1/2 X 11 inch paper.  Requests for additional pages shall not

be unreasonably withheld.  The Producing Party shall Bates number, copy, and label

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE" any pages

printed by the Receiving Party and shall provide one copy set of such pages to the Receiving

Party and shall retain one copy set.  The Producing Party shall provide such copies to the

Receiving Party as soon as possible, and shall make a good faith effort to provide such copies

to the Receiving Party within no more than two business days of the inspection, taking into

consideration (1) the volume of printed pages, (2) the notice and time of day of the request,

and (3) the availability of qualified support personnel.  To expedite delivery of the copies, if

the Producing Party is unable to provide the labeled copies on the day of the inspection, the

Producing Party shall provide such copies via overnight courier or hand delivery.  The printed pages shall constitute part of the source code produced by the Producing Party in this action.  Subject to the page limit above, the Receiving Party, at its discretion and in addition to on-site printing, may designate reasonable portions of the code to be printed by the Producing Party (such designations must be made by reference to specific file names and specific start and stop points in the code within a file).  The Producing Party shall produce such designated portions of the source code in a paper format as soon as possible, and shall make a good faith effort to do so within no more than four business days of the request, and shall deliver it directly to the Receiving Party's outside counsel of record via hand delivery or overnight courier.  All such printed portions of source code shall include a complete file name or reference sufficient to identify the particular type and version of source code it reflects, and line numbers if they are contained as part of the code.

      4.     All source code will be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a private room on a computer without Internet or other network access or peripheral devices except a non-networked printer and without interference from or observation by the Producing Party or its counsel or agents (except that the entrances and exits from the source code viewing room may be observed). The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into notes.  The Receiving Party's outside counsel and/or experts shall be entitled to bring and use software tools stored on read-only media for viewing and searching source code and the Producing Party shall make reasonable accommodations to allow the use of those tools.  The Receiving Party shall provide written notice to the Producing Party of what tool(s) it intends to use at least 24 hours prior to the inspection.  In addition, the Producing Party shall provide hardware and

basic software that enables the Receiving Party's outside counsel and/or experts to read and search the source code on the appropriate platform.

5. The parties' stipulation to this order is made without prejudice to either party's right to request from the other party, or to seek an order from the Court that would require additional or different arrangements for inspecting source code in the future.

6. Other than as provided in this Supplement Order, the Receiving Party will not copy, remove, transmit, or otherwise transfer any source code outside or away from the computer in which the source code is provided for inspection under Paragraph 5.

7. The Receiving Party's outside counsel of record and designated expert shall maintain and store any paper copies of the source code at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.

8. The Receiving Party's outside counsel of record may make one paper copy of any source code printed pursuant to Paragraph 4 above for its designated expert, but shall not make additional paper copies other than copies attached to court filings or to be used in depositions. All paper copies shall be securely destroyed if they are no longer in use (e.g., at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Except as provided in this paragraph or in Paragraph 4 above, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use in any manner (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of selected portions of the source code only when

reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  In addition, the Receiving Party may create up to two electronic copies of the paper copy of the source code for its internal work-product use, but no more than one in each of the offices of the law firms representing the Receiving Party.  The Receiving Party may create an electronic copy or image of a selected portion of the source code exceeding five printed pages of code in a single document only when the electronic copy has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic versions of the source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic and paper copies of source code in its possession or in the possession of its retained consultants, including the names of the recipients of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled ""HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY – SOURCE CODE".

9.      The Receiving Party's outside counsel may only provide access to the source code to individuals specified in Paragraph 7.3(a), (c)-(f) of the Protective Order.

10.     The parties may arrange, by mutual agreement, for the production and inspection of source code under terms that are less restrictive than those contained in this Supplemental Order without further order of the Court.

Date:  October 7, 2009

/s/ Bruce Wecker
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
BRUCE WECKER (CA Bar No. 078530)
bwecker@hosielaw.com
GEORGE F. BISHOP (CA Bar No. 89205)
gbishop@hosielaw.com
HOSIE RICE LLP
188 The Embarcadero, Suite 750
San Francisco, CA 94105
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*BACKWEB TECHNOLOGIES, LTD.*

/s/ Eric L. Wesenberg
ERIC L. WESENBERG (CA Bar No. 139696)
ewesenberg@orrick.com
ULYSSES S. HUI (CA Bar No. 225521)
uhui@orrick.com
HAO (HELEN) LI (CA Bar No. 247420)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400 Tel.
(650) 614-7401 Fax

M. PATRICIA THAYER (CA Bar No. 90818)
pthayer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
(415) 773-5700 Tel.
(415) 773-5759 Fax

STEPHEN P. MCGRATH (CA Bar No. 202696)
stevemcg@microsoft.com
MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA  98052-6399
(425) 882-8080

*Attorneys for Defendant*

*MICROSOFT CORPORATION*

*/s/ Christopher Freeman*

SEAN S. PAK (CA Bar No. 219032)
seanpak@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600 Tel.
(415) 875-6700 Fax

DAVID A. NELSON (*Pro Hac Vice*)
davidnelson@quinnemanuel.com
CHRISTOPHER FREEMAN (*Pro Hac Vice*)
chrisfreeman@quinnemanuel.com
QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP
250 S. Wacker Drive, Suite 230
Chicago, IL  60606
(312) 463-2961 Tel.
(312) 463-2962 Fax

*Attorneys for Defendant*
*Symantec Corporation*

I hereby attest pursuant to General Order 45.X.B. that concurrence in the electronic filing of this document has been obtained from the other signatories.

DATED:    October 7, 2009

*/s/ Bruce Wecker*
_____
Bruce Wecker

**PURSUANT TO STIPULATION IT IS SO ORDERED.**

Dated: __10/14/09_____

_____
Honorable Claudia Wilken
U.S. DISTRICT COURT JUDGE